**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Pirone, *et al.*, | No. CV-19-08130-PCT-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| CMH Homes Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendant CMH Homes Inc.'s Motion to Compel Arbitration and Motion to Dismiss (Doc. 6, Mot.), to which Plaintiffs Christopher and Christine Pirone filed a Response (Doc. 7, Resp.) and Defendant filed a Reply (Doc. 8, Reply).

In the Complaint (Doc. 1-3, Compl.), Plaintiffs raise a claim of consumer fraud against Defendant on the basis of representations Defendant allegedly made with respect to a home Plaintiffs purchased from Defendant. Defendant now moves to compel arbitration of Plaintiffs' claim under an arbitration agreement between Defendant and Plaintiffs.

To resolve a motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, a district court must determine (1) whether the parties entered into a valid agreement to arbitrate, and (2) whether the arbitration agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). If the district court finds that both elements are met, the FAA requires the court to enforce the arbitration agreement. *Id.*

1    The Binding Dispute Resolution Agreement proffered by Defendant states that claims related to a home sold by Defendant must be resolved by mediation or, if that proves unsuccessful, by mandatory, binding arbitration. (Mot. Ex. B. Ex. 2.) Plaintiffs do not dispute that they entered into the Agreement, but they contend that the Agreement contains an exception for a consumer fraud claim such as the one they have raised in this lawsuit. Specifically, the Agreement states that, "[t]he Parties expressly agree not to arbitrate any Claims as a class action, a representative action, or a private-attorney general action," and Plaintiffs argue that a consumer fraud claim constitutes a private attorney general action.

Under Arizona law, there is a private right of action under the Consumer Fraud Act, A.R.S. § 44-1521 *et seq. Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119, 1122 (Ariz. 1974). But not all consumer fraud claims are private attorney general actions. In setting forth the "private attorney general doctrine" in the context of attorneys' fees awards, Arizona courts describe a private attorney general action as one that seeks to vindicate a right that "1) benefits a large number of people; 2) requires private enforcement and 3) is of societal importance." *Yes on Prop 200 v. Napolitano*, 160 P.3d 1216, 1229–30 (Ariz. Ct. App. 2007). A Consumer Fraud Act claim may seek to eliminate unlawful practices—such as false advertising or misleading pricing—on behalf of the public and thus benefit a large number of people. *E.g.*, *State ex rel. Horne v. Autozone, Inc.*, 275 P.3d 1278, 1279–80 (Ariz. 2012). But when a Consumer Fraud Act claim simply provides an individual consumer "a remedy to counteract the disproportionate bargaining power often present in consumer transactions," *Shaw v. CTVT Motors, Inc.*, 300 P.3d 907, 908–09 (Ariz. Ct. App. 2013) (internal quotation omitted), it does not benefit a large number of people and thus does not act as a private attorney general action.

Construing a private attorney general action as one benefitting a large number of people is consistent with the text of the Agreement itself, in which the parties agreed not to arbitrate "a class action, a representative action, or a private-attorney general action" claim. To the extent that Plaintiffs argue that a private attorney general action contemplates a consumer fraud claim benefitting only an individual, the canon of construction of *noscitur*

*a sociis*—that a "term is interpreted in the context of the accompanying words"—teaches otherwise. *See Estate of Braden ex rel. Gabaldon v. State*, 266 P.3d 349, 352 (Ariz. 2011). The distinguishing feature of a class or representative action is that they benefit a large number of people, and because the arbitration exception in the Agreement includes "a private attorney general action" together with class and representative actions, the intent of the exception must have been to address actions benefitting a large number or people.

Here, Plaintiffs seek individual redress for Defendant's alleged misrepresentations specific to the purchase of their home. (*E.g.*, Compl. ¶ 11 & Ex. 2.) Because Plaintiffs' claim does not seek to benefit a large number of people, this is not "a private attorney general action" as contemplated by the arbitration exception in the Agreement. Plaintiffs raise no other defense to the validity and enforceability of the Agreement, and the Court thus finds the Binding Dispute Resolution Agreement between Plaintiffs and Defendant is a valid agreement encompassing the dispute in this lawsuit. Accordingly, under the FAA, the Court must compel the parties to arbitrate their dispute. This conclusion does not leave Plaintiffs without a remedy for their fraud claim, but rather provides for a different venue for the resolution of that claim.

Section 3 of the FAA provides that the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Here, Plaintiffs have asked the Court to stay this action. (Resp. at 3.) Thus, in compelling arbitration, the Court will stay this lawsuit pending the results of the arbitration. *See Meritage Homes Corp. v. Hancock*, 522 F. Supp. 2d 1203, 1211 (D. Ariz. 2007); *see also AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (stating that, upon a party's request, the FAA requires a court to stay litigation of claims subject to arbitration pending the outcome of the arbitration of those claims under the terms of the arbitration agreement).

IT IS THEREFORE ORDERED granting in part Defendant's Motion to Compel Arbitration and Motion to Dismiss (Doc. 6). The parties are directed to promptly submit

this matter to arbitration consistent with the terms of their Binding Dispute Resolution Agreement and the provisions of the Federal Arbitration Act.

IT IS FURTHER ORDERED denying Defendant's request to dismiss this action and instead staying Plaintiffs' claim against Defendant in this matter pending a decision by the arbitrator. The parties shall file a joint status report within one week of the arbitrator's decision or by February 21, 2020, whichever is sooner.

Dated this 26th day of August, 2019.

Honorable John J. Tuchi
United States District Judge